UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

QUINCETTA YVONNE CARGILL,

                Petitioner,

    v.

HOWARD C. BARRON,

                Respondent.

CASE NO. 2:23-cv-01304-MJP-BAT

**ORDER OF DISMISSAL**

Before the Court is the sixth complaint or habeas petition Petitioner has filed in this Court alleging her rights were violated in connection with her conviction and sentence for witness tampering and conspiracy to commit mail and wire fraud in *United States v. Cargill*, No. 2:17-cr-00356-RDP-JHE (N.D. Ala.). *See Cargill v. United States*, 22-949-JCC (dismissed March 3, 2023); *Cargill v. Jacquez*, 22-900-LK (Report filed recommending dismissal); *Cargill v. Jacquez*, 22-1288-LK (Report filed recommending dismissal); *Cargill v. Internal Revenue Service*, 22-188-RSL (Dismissed April 11, 2022); and *Cargill v. Jacquez*, 22-1159-LK (Report filed recommending dismissal).

In her present habeas petition Petitioner contends the Court in the Northern District of Alabama improperly ordered restitution in *United States v. Cargill*, No. 2:17-cr-00356-RDP-JHE (N.D. Ala.) based upon false information provided by an IRS investigator involved in that case.

ORDER OF DISMISSAL - 1

Petitioner also argues the restitution ordered is excessive and violates the Eighth Amendment and that her refusal to pay restitution negatively affects her ability to earn early release credits. Petitioner asks this Court to review the "excessive" restitution that was imposed by the sentencing Court in the Northern District of Alabama.

The Court rejects Petitioner's claims. Petitioner cannot file separate actions involving the same subject matter in the same court against the same defendants. *See Adams v. California Department of Health Services*, 487 F.3d 684, 688 (9th Cir. 2007). Petitioner in this case and in her prior cases has repetitively challenged the conviction and sentence imposed in the Northern District of Alabama and has repeatedly claimed the restitution that was ordered should be overturned. The Court dismisses this case as duplicative of Petitioner's earlier actions.

Second, although Petitioner styles her petition as brought under § 2241, her challenge to the restitution ordered which is a part of her criminal sentence can only be brought under § 2255. Section 2255 allows a federal prisoner that claims her sentence was imposed "in violation of the Constitution or laws of the United States" to "move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). Petitioner's challenge to the restitution order issued by her sentencing judge cannot be filed here and must be filed in the Northern District of Alabama where she was convicted.

And lastly, Petitioner's present habeas petition is barred as a second or successive petition. Petitioner cannot file a second or successive § 2255 petition challenging her restitution order unless she makes a *prima facie* showing to the appropriate court of appeals that the petition is based on: (1) "a new rule," (2) "of constitutional law," (3) "made retroactive to cases on collateral review by the Supreme Court," (4) "that was previously unavailable." 28 U.S.C. § 2255(h)(2);3 *Tyler v. Cain*, 533 U.S. 656, 662 (2001). Section 2255(h)(2) creates a jurisdictional

ORDER OF DISMISSAL - 2

bar to the Petitioner's claims: If the Petitioner does not first obtain authorization from the appropriate court of appeals, the district court lacks jurisdiction to consider the second or successive application." *United States v. Lopez,* 577 F.3d 1053, 1061 (9th Cir. 2009).

Here the habeas petition for relief revolves around the restitution order issued in the Northern District of Alabama. None of the exceptions that allow for a second or successive habeas petition are applicable. The present habeas petition is thus an impermissible second or successive petition. Lacking jurisdiction, the Court dismisses this case.

For the foregoing reasons, the Court DISMISSES the habeas petition with prejudice. Because the Court dismisses the petition, the Court STRIKES the request for in forma pauperis status as MOOT.

DATED this 25th day of August, 2023.

MARSHA J. PECHMAN
United States Senior District Judge