UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| QUINCETTA Y. CARGILL,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>HOWARD C. BARRON, Warden ,<br><br>　　　　　　Respondent. | CASE NO. 2:23-cv-01304-MJP<br><br>**ORDER DENYING CERTIFICATE OF APPEALABILITY** |

　　　On August 25, 2023, the Court dismissed Petitioner's habeas petition on the grounds it was duplicative of numerous habeas petitions Petitioner previously filed challenging her conviction and sentence in <u>United States v. Cargill</u>, No 2:17-cr-00356-RDP-JHE (N.D. Ala.).

　　　The Court held Petitioner cannot file separate actions involving the same subject matter in the same court against the same defendants. The Court further found that although Petitioner styled her habeas petition as bought under 28 U.S.C. § 2241, she challenges the restitution that was ordered as part of her criminal judgment and sentence, and that such a challenge may only be brought under 28 U.S.C. § 2255.

　　　Petitioner appealed the Court's order of dismissal. On November 13, 2023, the Court of Appeals for the Ninth Circuit filed an order indicating that because this Court determined Petitioner's claims arose under 28 U.S.C. § 2255, the requirements regarding issuance of a

ORDER DENYING CERTIFICATE OF
APPEALABILITY - 1

certificate of appealability (COA) were applicable. The Court of Appeals remanded the matter to this Court for the limited purpose of either granting or denying a COA. (Dkt. No. 7.)

For the following reasons, the Court DENIES issuance of a COA. A prisoner seeking post-conviction relief under § 2255 may appeal a district court's dismissal of the petition only after obtaining a COA from a district or circuit judge.  A COA may be issued only where a petitioner has made "a substantial showing of the denial of a constitutional right."  See 28 U.S.C. § 2253(c)(3).  A prisoner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).

Under this standard, the Court finds no reasonable jurist would disagree the Court properly dismissed Petitioner's claims. In her habeas petition, Petitioner requested the Court review the restitution that was ordered by the Court in the Northern District of Alabama. Petitioner claimed that the sentencing court erred in "the loss calculation, and fraud as in misrepresentation of facts surrounding claims of actual losses suffered by the defendant." (See Dkt. No. 1 at 1.) Petitioner further claims the sentencing court refused to take judicial notice that there was fraud in calculating restitution and that the actual loss suffered by the I.R.S. is excessive to the loss attributable to Petitioner.

The is no dispute that Petitioner has repeatedly filed other actions in this district raising the same or very similar claims. See, e.g., Cargill v. Jacquez, 22-1159-LK (§ 2241 petition challenging restitution order entered in the North District of Alabama); Cargill v. Israel, C22-1288-LK (§ 2241 petition challenging "unlawful restitution order").

ORDER DENYING CERTIFICATE OF
APPEALABILITY - 2

There is also no dispute that because Petitioner challenges the restitution ordered as part of her criminal sentence, the relief she seeks falls under 28 U.S.C. § 2255, and a motion seeking § 2255 relief should be filed in the Northern District of Alabama, not the Western District of Washington.

Additionally, before filing the petition herein, Petitioner filed in the Northern District of Alabama, an earlier "28 USCS § 2255 – Habeas Corpus Challenge both the conviction and sentence." See Cargill v. United States, 2:23-8022-RDP (filed August 2, 2023). The habeas petition herein is thus barred as a second of successive petition. See Jones v. Hendrix, 599 U.S. 465, 469 (2023).

For the foregoing reasons the Court ORDERS:

1. Issuance of a COA is DENIED.

2. The clerk shall provide Petitioner a copy of this order.

DATED this 16th day of November, 2023.

MARSHA J. PECHMAN
United States Senior District Judge

ORDER DENYING CERTIFICATE OF
APPEALABILITY - 3